# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DAVID MEYERS,　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　Plaintiff,　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
v.　　　　　　　　　　　　　　　　　*　　Civil Case No.: ELH-18-129
　　　　　　　　　　　　　　　　　　*
COMMISSIONER,　　　　　　　　　　　*
SOCIAL SECURITY ADMINISTRATION[1], *
　　　　　　　　　　　　　　　　　　*
　　　　Defendant.　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
*　*　*　*　*　*　*　*　*　*　*　*　*

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order No. 2014-01, the above-referenced case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). [ECF No. 17]. Plaintiff David Meyers, who proceeds *pro se*, filed this appeal of the denial of his claim for benefits by the Social Security Administration ("SSA"). [ECF No. 1]. I have considered the parties' cross-motions for summary judgment, and Mr. Meyers's Response. [ECF Nos. 19, 23, 25, 26]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I recommend that Plaintiff's motion be denied, the Social Security

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

Administration's ("SSA") motion be granted, and the SSA's judgment be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Mr. Meyers protectively applied for Supplemental Security Income ("SSI") on October 14, 2011, alleging a disability onset date of September 13, 2005. (Tr. 46; 97-105). His claims were denied initially and on reconsideration. (Tr. 63-67; 69-71). A hearing, at which Mr. Meyers proceeded *pro se*, was held on March 26, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 19-37). Following the hearing, the ALJ issued a fully favorable opinion and determined that Mr. Meyers was disabled within the meaning of the Social Security Act as of the protective filing date. (Tr. 11-18). Despite this finding, the ALJ determined that, due to Mr. Meyers's incarceration, the SSA needed to confirm his dates of incarceration and determine whether he is entitled to payment, for what period of time he may be entitled to payment, and to whether suspension or termination of benefits was required. (Tr. 14).

On May 14, 2014, the SSA sent a letter to Mr. Meyers notifying him that he was entitled to $1,829.36 in back payments, for the period of November 2011 through February 2012. [ECF No. 1-1]. On May 20, 2014, Mr. Meyers requested further review of the SSA's 2014 decision, as well as a review of the SSA's denial of benefits in a prior SSI filing by Mr. Meyers in 1997. (Tr. 117). The Appeals Council denied his request for review. (Tr. 2-6). Thus, the ALJ's 2014 decision constitutes the final, reviewable decision of the Agency.

Mr. Meyers has a substantial and complicated medical history, as reflected in the record dating back to 2005. (Tr. 210-503). He is a 48-year-old male with a high school education and limited work experience. (Tr. 35, 97-98, 262). Mr. Meyers's medical record reflects a history of psychological impairments, including schizophrenia (paranoid type) and psychosis. (Tr. 15, 210-503). His records also show that he suffered a head injury as a result of a motor vehicle accident

in 2005, and that he suffered a gunshot wound to his chest earlier in his life. (Tr. 210, 281). In 2003, 2007, 2012, and 2013, as a result of criminal charges brought against him, Mr. Meyers was ordered to undergo comprehensive psychiatric evaluations to determine his competency to stand trial. (Tr. 15, 249-51, 470-77). In the 2012 and 2013 evaluations, the licensed professionals indicated a range of findings, including "a long history of paranoid delusions" and "a genuine history of psychosis." (Tr. 249-51, 470-77).

Throughout his time at Riverside Regional Jail in Virginia, where it appears he has been incarcerated for most of the last fifteen years, Mr. Meyers had several disciplinary violations based on his behavior, including throwing bodily fluids at the guards. (Tr. 191-93, 313-14, 316, 318-19, 434). At his hearing, Mr. Meyers testified that he was taking anti-psychotic medications but that he was still hearing a man's voice telling him to "hurt people." (Tr. 15, 30-31). Consequently, the ALJ found that Mr. Meyers suffered from the following severe impairments resulting in disability: schizophrenia (paranoid type), bipolar disorder/depression, history of gunshot wound to the chest and left hand, history of right knee and neck injury secondary to motor vehicle accident, low back pain, degenerative joint disease of the cervical spine, optic nerve damage in both eyes, and anxiety. (Tr. 14).

On appeal, this Court's understanding is that Mr. Meyers raises two distinct issues: 1) that his constitutional right to due process was violated when the ALJ failed to reopen the prior Title XVI application he filed on January 3, 1997; and 2) that the SSA erred in calculating his awarded SSI payments for the period between October, 2011 and February, 2012.

Mr. Meyers's first argument hinges on the ALJ's finding no basis for reopening Mr. Meyers's 1997 Title XVI application. (Tr. 11). He alleges a violation of his "federal constitutional privilege right to subpoena duces tecum of records" from his 1997 SSI filing

3

because he "was not afforded a disability investigation…nor allowed to appeal." [ECF Nos. 25, 26]. Mr. Meyers's claim is entitled to liberal construction due to his *pro se* status. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that allegations in a *pro se* complaint should be evaluated less stringently than formal pleadings drafted by lawyers). Thus, this Court construes Mr. Meyers's argument as alleging a constitutional due process violation. However, this Court lacks jurisdiction to hear this argument.

Under the Social Security regulations, the agency may reopen a final decision on an SSI claim within twelve months for any reason. 20 C.F.R. § 416.1488(a). After twelve months, an SSI decision may be reopened within two years for "good cause," including if "new and material evidence is furnished," if a clerical error was made, or if the evidence considered in making the decision shows, on its face, that an error was made. 20 C.F.R. §§ 416.1488(b), 416.1489. After two years, an SSI decision may be reopened if the decision was obtained by fraud or "similar fault," determined by considering any "physical, mental, educational, or linguistic limitations" that the claimant may have had at the time. 20 C.F.R. § 416.1488(c).

An agency's decision not to reopen a prior, final benefits decision is discretionary and does not constitute a final decision of the Secretary that is subject to judicial review. *Califano v. Sanders*, 430 U.S. 99, 107-09 (1977). The Supreme Court noted an exception to this bar on judicial review when "colorable constitutional claims" are at issue. *Id.* at 109. The Fourth Circuit has recognized this exception when a *pro se* claimant's mental illness prevented the claimant from understanding the agency procedures involved in appealing a denial of a claim. *See Shrader v. Harris*, 631 F.2d 297, 302 (4th Cir. 1980). To qualify under this exception, a claimant "must present prima facie evidence of incompetency," and such evidence must be

4

presented "at the time that [claimant's] initial claim was rejected." *Id.*; *Brown v. Harris*, 669 F.2d 911, 913 (4th Cir. 1981).

While the record is replete with evidence that Mr. Meyers has suffered from various mental conditions since 2005, there is no evidence on the record that he was incompetent in 1997 when he filed for SSI. Indeed, Mr. Meyers himself only alleges a disability onset date of September 13, 2005. (Tr. 97). As the Fourth Circuit made clear in *Shrader* and *Brown*, to qualify for judicial review under the constitutional exception, a claimant must put forth "prima facie evidence" of incompetency at the time of the claimant's initial rejection. *Shrader*, 631 F.2d at 302; *Brown*, 669 F.2d 911 at 913. The ALJ did not find a basis to reopen Mr. Meyers's 1997 Title XVI application. (Tr. 11). Without any evidence on the record indicating that Mr. Meyers suffered from mental conditions or was incompetent at the time of his 1997 filing, this Court cannot review the ALJ's finding because it is not a final decision subject to judicial review, nor does it fall within the constitutional exception. *See Shrader*, 631 F.2d at 302; *Brown*, 669 F.2d 911 at 913.

Mr. Meyers's second argument is also outside the scope of this Court's jurisdictional authority. The parties do not dispute the ALJ's finding that Mr. Meyers was disabled as of the protective filing date. However, an SSI claimant is not entitled to receive SSI payments for any month during which he is an inmate of a public institution. 42 U.S.C. § 1382(e)(1)(A); 20 C.F.R. §§ 416.201, 416.211, 416.1325. Mr. Meyers testified that he was incarcerated from February 1, 2012, through the date of the administrative hearing, March 26, 2014. (Tr. 27-29). Mr. Meyers remains incarcerated at Red Onion State Prison in Virginia. [ECF No. 25]. Thus, the ALJ properly found that the only period for which Mr. Meyers could be entitled to SSI payments is from his protective filing date of October 14, 2011, through the date of his incarceration on

February 1, 2012.[2] (Tr. 18). The ALJ further instructed the SSA to confirm Mr. Meyers's dates of incarceration and to determine whether and for what time period Mr. Meyers was entitled to payment. (Tr. 18). In compliance with the ALJ's instructions, the SSA calculated that Mr. Meyers was entitled to $1,829.36 in back payments for the period of November 2011 through February 2012. [ECF No. 1-1]. Mr. Meyers seeks to challenge the amount of SSI benefits he was awarded for the November 2011 to February 2012 period. Specifically, he argues that he should be reimbursed $229.00 of monthly deductions from his awarded SSI benefits.

The ALJ's 2014 decision finding Mr. Meyers disabled and directing the SSA to calculate the appropriate payments is the only decision subject to review by this Court. Therefore, the amount of the payments subsequently calculated by the SSA, including any deductions deemed appropriate, is not subject to this Court's review because it does not constitute a final decision of the Commissioner made after a hearing. *See* 42 U.S.C. § 405(g). Any issue Mr. Meyers has with the computation of his payments must be addressed directly with the SSA, and is beyond the scope of this Court's review.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court DENY Plaintiff's Motion for Summary Judgment, [ECF No. 19], GRANT Defendant's Motion for Summary Judgment, [ECF No. 23], and order the Clerk to CLOSE this case.

---

[2] In cases like Mr. Meyers's, where he is appealing a fully favorable decision, the Second and Sixth Circuits have held that the claimant lacks standing because he cannot establish that he has been aggrieved. *See Martin v. Colvin*, 2016 WL 7839131, at *5 (D. D.C. Aug. 4, 2016) (citing *Heller v. Comm'r of Soc. Sec.*, 328 Fed. App'x 74, 74 (2d Cir. 2009) ("We have long held that our judicial review over Social Security determinations pursuant to 42 U.S.C. § 405(g) 'makes no provision for judicial review of a determination favorable to the complainant.'")); *Buck v. Sec'y of Health and Human Servs.*, 923 F.2d 1200, 1203 (6th Cir. 1991) ("In cases where, as here, the Secretary issues a decision that is fully favorable to the claimant, the claimant cannot seek judicial review."). This Court will not decide this case on standing, but recognizes that standing may also be an impediment to Mr. Meyers's argument.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report, and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: September 11, 2018 /s/
Stephanie A. Gallagher
United States Magistrate Judge