# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID MEYERS, | * |
| Plaintiff, | * |
| v. | * Civil Case No. 18-00129-ELH |
| COMMISSIONER, SOCIAL SECURITY, | * |
| Defendant. | * |

*******

## MEMORANDUM

David Meyers, the self-represented plaintiff, filed an appeal from the denial of his claim for social security benefits. ECF 1. The matter was referred to Magistrate Judge Stephanie Gallagher for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b). *See* ECF 17.

Magistrate Judge Gallagher issued a Report and Recommendations on September 11, 2018. ECF 27. The plaintiff filed objections thereto. ECF 28, 29, 30.[1] Accordingly, I have conducted a *de novo* review of those portions of the Report and Recommendations to which an objection has been made. I conclude that the objections lack merit.

Plaintiff's filings contain many of the same arguments asserted in his original filings, and I concur with Judge Gallagher's assessment that this Court lacks jurisdiction to consider plaintiff's claims regarding the payment of his Social Security disability benefits and the reopening of his 1997 claim. Further, Meyers asserts that he is pursuing his action under the

---

[1] One of the plaintiff's filings, ECF 29, was filed as a "Motion for Relief from Judgment," pursuant to Fed. R. Civ. P. 60. However, Judge Gallagher's Report and Recommendations is not a final judgment or order. Therefore, I shall construe the contents of that submission as an additional objection to Judge Gallagher's Report and Recommendations.

Federal Tort Claims Act. ECF 28 at 3; ECF 30 at 4. However, 42 U.S.C. § 405(h) prohibits this Court from considering, under the Federal Tort Claims Act, any claim, like plaintiff's, arising under the Social Security Act. *Jarrett v. United States,* 874 F.2d 201, 204 (1989) (citing § 405(h), which reads, "No action against the United States, the Secretary, or any officer or employee thereof shall be brought under sections 1331 or 1346 of title 28 to recover on any claim arising under this subchapter."). The Social Security Act provides an exclusive remedy as it pertains to judicial review of the actions of the Social Security Administration handling disability benefits claims. *See id.*

In addition, there are two other motions pending on the docket. Plaintiff filed a motion to appoint counsel, ECF 10, and a motion for injunctive relief/protective order. ECF 11. This Court does not exercise its discretion to appoint counsel to represent *pro se* claimants in Social Security appeals, because the Court is able to review the administrative record without the assistance of counsel. Plaintiff's motion for injunctive relief/protective order, ECF 11, appears to request that his sister's address and telephone number be redacted from the record. But, plaintiff does not identify any specific places in the record where his sister's contact information can be found. I shall therefore deny both motions. To the extent plaintiff wishes to submit proposed redacted versions of any filings containing his sister's address or telephone number, those documents can be substituted on the docket for the original filings.

For the reasons set forth above, I accept Judge Gallagher's recommended disposition, in accordance with Fed. R. Civ. P. 72(b)(3). An Order follows.

Date: October 17, 2018 /s/
Ellen L. Hollander
United States District Judge